UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RUTH ANN MCDONALD, ET AL                                           PLAINTIFFS

VS.                                        CIVIL ACTION NO. 3:11CV155CWR-FKB

CITIZEN BANK OF PHILADELPHIA, ET AL.                               DEFENDANTS

REPORT AND RECOMMENDATION

On March 16, 2011, Plaintiffs Ruth Ann and Larry McDonald filed a complaint in this Court alleging, among other things, that defendants have violated the Truth In Lending Act, 15 U.S.C. § 1601 et seq.  On the same date, plaintiffs filed a Motion to Proceed In Forma Pauperis (Docket No. 5) requesting that the prepayment of filing fee and costs be waived pursuant to 28 U.S.C. § 1915. Thereafter, on March 22, 2011, at the Court's direction, Plaintiffs filed an amended motion (Docket No. 10).

After a review of the sworn Financial Affidavit filed with the Court, it is the opinion of the undersigned that Plaintiffs are not indigent under the law and should not be allowed to proceed in forma pauperis. Plaintiffs have a monthly income of $3725, with monthly expenses of $3583.  They own their own home, a motor vehicle and several farm implements. Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. See Williams v. Estelle, 681 F.2d 946 (5th Cir. 1982); Prows v. Kastner, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? Souder v. McGuire, 516 F.2d 820 (3rd Cir. 1975);

> Is access to the courts blocked by the imposition of an undue hardship? Startti v. United States, 415 F.2d 1115 (5th Cir.

  1969); and,

  Is the plaintiff forced to contribute his last dollar, or render
  himself destitute to prosecute his claim? <u>Adkins v. E.I. DuPont
  de Nemours & Co.</u>, 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiffs, particularly the fact that they have a significant monthly income, a motor vehicle and other assets, the undersigned finds that they could pay the filing costs without undue financial hardship if given ninety days to pay the filing fee.  Plaintiffs will not be rendered destitute by paying the filing fee in ninety days, as they do have a place to reside, a motor vehicle, and a monthly income. Because they will not be barred from the federal courts due to their lack of financial resources, it is the recommendation of the undersigned that Plaintiffs' amended motion to proceed in forma pauperis be denied. Plaintiff shall be given ninety days to pay the filing fee in this cause; all of the costs associated with the filing of this lawsuit should be paid on or before July 6, 2011.  If Plaintiffs do not object to this recommendation, and further do not pay the filing fee by July 6th, the undersigned recommends that this case be dismissed without prejudice with no further notice to Plaintiffs.

  Plaintiffs are referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event they desires to file objections to these findings and recommendations.  Plaintiffs are further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar them, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 7th day of April, 2011.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE