UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**Ruth Ann McDonald,**                                                           **PLAINTIFFS**
**Larry McDonald**

**vs.**                                                                        **No. 3:11-CV-155-CWR-FKB**

**Citizens Bank of Philadelphia; Billy Cook; Darrell**
**Bates; Robert Thomas; Alford, Thomas and Kilgore;**
**R. Spencer Clift, III; Baker, Donelson, Bearman,**
**Caldwell & Berkowitz**                                       **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendants, Citizens Bank of Philadelphia ("Citizens"); Billy Cook; Darrell Bates; Robert Thomas; Alford, Thomas and Kilgore; Spencer Clift, III; and Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.'s (collectively, "Defendants"), motion to dismiss for failure to state a claim, supported by its memorandum of authorities and rebuttal memorandum, and the response by Plaintiffs, Ruth and Larry McDonald. The Court, after reviewing the motion and the relevant law, is of the opinion that the motion must be **GRANTED**.

**I. BACKGROUND**

On June 29, 2009, Plaintiff Ruth McDonald executed a Simple Interest Fixed Rate Note/Disclosure and Security Agreement in favor of Citizens in the amount of $76,685.50. See Complaint, at Exhibit A [Docket No. 1-1]. The purpose of the loan was to refinance Plaintiffs' 84 acres of land. The note provided that the plaintiffs were required to make nineteen monthly payments of $2,652.47 beginning September 29, 2009 and one remaining payment of $47,354.87 on or before June 29, 2014. *Id.* To secure the indebtedness due under the note, McDonald executed a land deed of trust for the benefit of Citizens as the Beneficiary. Through this deed of trust, Citizens was granted a first valid and perfected lien in 84 acres adjacent to the McDonald's home.

Memorandum of Law in Support of Motion to Dismiss the Verified Complaint for Damages and Temporary Injunction [Docket No. 16], at 2. Pursuant to the terms of the Deed of Trust, Defendant Robert Thomas is Trustee. *Id.* at Exhibit 2 (Land Deed of Trust). The Deed of Trust excludes 1.2 acres which is the legal description of the real property on which Plaintiffs' residence sits. *Id.* As a matter of fact, the Deed of Trust on the Plaintiffs' personal residence is held by Hurricane Mortgage Company. [Docket No. 16-3], at Exhibit 3.[1]

Plaintiffs defaulted on the note in September of 2010. See, Complaint, at ¶¶ 18, 19. Subsequently, on January 12, 2011, acting as their own attorneys they filed for bankruptcy in the Bankruptcy Court for the Southern District of Mississippi, No. 11-00150NPO. Citizens filed a Proof of Claim on the basis of its security interest in the real estate, more particularly described as "84 acres of rural land in Leake Co., MS." [Docket No. 16-5]. Attorney Spencer Clift represented Citizens in the bankruptcy court. As evidenced by the docket sheet, on February 10, 2011, the bankruptcy court dismissed the bankruptcy action. [Docket No. 4], Dkt Entry #36.

On March 16, 2011, Plaintiffs filed this action naming as defendants Citizens, the holder of the note and beneficiary under the Deed of Trust, Billy Cook and Darrell Bates, loan officers and employees of Citizens; Robert Thomas, the Trustee under the Deed of Trust and his law firm, Alford, Thomas and Kilgore; and Spencer Clift, the attorney representing Citizens in the bankruptcy court and who is employed with the law firm Banker, Donelson, Bearman, Caldwell & Berkowitz, P.C. Plaintiffs allege that "Defendant (Citizen) wantonly and in bad faith *made* the Plaintiffs sign on the Security Agreement without informing them the clauses and repercussion arising in case of

---

[1] The Court takes judicial notice of the Hurricane Mortgage Company as it is recorded in the Office of the Chancery Clerk of Leake County, Mississippi. See Fed.R.Evid. 201(b). *See also, W. Fed. Sav. v. Heflin,* 797 F.Supp. 790, 792 (N.D. Cal. 1992)(federal court took judicial notice of public records including deeds of trust filed in the county recorder's office).

2

default"as the loan was unaffordable from the beginning. Compl. ¶ 23. Based on the actions of the defendants, Plaintiffs allege they violated the Truth in Lending Act and Rescission ("TILA") - - Count I, Home Ownership Equity Protection Act ("HOEPA") - - Count II, and the Real Estate Settlement Procedures Act ("RESPA") - - Count III.[2] As a result, Plaintiffs seek monetary damages, including costs, as well as equitable relief that Defendants comply with their request for loan modification so that they can keep possession of the property in dispute.

Defendants move to dismiss on the basis that Plaintiffs have failed to state a claim [Docket No. 15]. Plaintiffs have filed their response [Docket No.19], therefore this matter is ripe for adjudication.[3]

## II. LEGAL STANDARDS

Motions made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure test the legal viability of a complaint. A court reviewing such a motion must afford "the assumption that all of the complaint's allegations are true," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007), and determine whether the averments comprise a "plausible" right to recovery. *Id.* According to Rule 12(b)(6), a defendant is entitled to judgment as a matter of law if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "[A] motion to dismiss under Rule 12(b)(6) serves the same function as a common law demurrer, i.e., it is used to challenge the legal sufficiency of the complaint." *Prepmore Apparel, Inc. v. Amalgamated Clothing Workers of*

---

[2] Plaintiffs initiated this action seeking a preliminary injunction; the primary purpose of which was to halt the foreclosure proceedings initiated by Citizens under the provisions of the Deed of Trust. The McDonalds requested an emergency hearing, which this Court denied. The Court, however, ordered the defendants to answer or otherwise respond to the Complaint and set a briefing schedule. In the interim, Citizens agreed to halt the foreclosure proceedings pending this Court's ruling on the motion to dismiss. See Text Order entered on March 21, 2011.

[3] Plaintiffs also filed *Suggestions in Opposition to Defendant's Motion to Dismiss for Failure to State a Claim* [Docket No. 23] without requesting leave to do so. This second filing in opposition to the motion to dismiss provides no support to deny Defendants' motion.

*Am.*, 431 F.2d 1004, 1006 (5th Cir. 1970) (citations and quotations omitted). Such a motion should be granted only if the complaint fails to illustrate a set of factual allegations under which no plausible right of relief exists. *Twombly*, 550 U.S. at 570 (plaintiff must plead "enough facts to state a claim to relief that is plausible on its face.").

A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. *See also, Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Once the court has accepted the well-pled factual allegations as true, it then turns to whether the claim is plausible. *Iqbal*, 129 S.Ct. at 1950.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).

When determining whether a plausible claim of relief has been adequately plead, it will be a 'context-specific' task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

### III. ANALYSIS

Plaintiffs have failed to state a claim to which they might be entitled to relief as to each of

4

these defendants which requires this Court to dismiss this action. Their *pro se* status does not relieve them of their duty to set forth facts giving rise to a claim on which relief may be granted nor are they excused from properly responding to the defendants motion to dismiss. *Smith v. A1 Temporary Services of Birmingham*, 2010 WL 1663992, at *2 (S.D. Miss. 2010), *citing McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983); and *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir.), *cert. denied*, 488 U.S. 984, 109 S.Ct. 536, 102 L.Ed.2d 567 (1988).

In the instant matter, the question before this Court is whether the Citizen's loan contains sufficient factual material, taken as true, to establish that Plaintiffs' loan falls within the purview of TILA, RESPA, or HOEPA.[4] This Court agrees with Defendants' assessment that it does not. Defendants contend that the purpose of the loan was to refinance Plaintiffs' 84 acres of *farmland* (excluding the primary residence), and that it was not secured by their principal dwelling. Proof of this fact is demonstrated by several things, namely: (1) Hurricane Mortgage Company, Inc. holds a Deed of Trust on the plaintiffs' personal residence [Docket No. 16-3]; (2) the Citizen's Deed of Trust specifically carved out the personal residence [Docket No. 16-2]; (3) the Note and Security Agreement that the parties entered into provides that the purpose of the loan is for "personal-refinance *land only* loan into payout" and that the McDonalds were giving a security interest in their land; [Docket No. 16-1] (emphasis added); (4) in a letter to this Court in her attempt to explain their financial situation, Mrs. McDonald states that the Real Property securing the indebtedness owed to Citizens is land for their business; *see*, [Docket No. 6]("We have owned and operated Dixie Grass Company at 418 Keeli Road. . . Larry [McDonald] has developed a hybrid Bermuda grass. . . the farmland at 418 Keeli Road contains grass that Larry developed and has trademarked. . . In the last

---

[4] Plaintiffs makes mention of a usury violation for the first time in their response to the motion to dismiss. The Court finds that this allegation is not properly before it.

2 years, our farm business . . . has suffered under the drop in the economy "); and (5) their plea found in their *Motion to Request Emergency Hearing for Cease and Desist* states:

> Due [to] the sale date of the **family farm** on March 22nd at 11 a[.]m[.], I am requesting an emergency cease and desist order against Citizens of Philadelphia pending the court's final ruling . . . **The farm** has been our **source of income and livelihood** for the last 30 years. . . I am pleading with the court to **stop the sale of my livelihood** so this matter can be heard before the court.

[Docket No. 7]. (Emphasis added).[5]

Plaintiffs' Complaint and Response fail to rebut Defendants' contention that the Deed of Trust secured a commercial debt and not the principal dwelling. Moreover, Plaintiffs have not even alleged that the loan in dispute is secured by their principal dwelling, but more importantly, the undisputed evidence demonstrates that it is not. The statutes under which the McDonalds seek relief are inapplicable as they apply only to loans secured by a consumer's dwelling. *See, e.g.,*, *James v. New Century Mortg. Corp.*, 2006 WL 2989242 at *7 & n.23 (E.D. La. Oct. 26, 2006) (stating "the protections provided by TILA and HOEPA only apply to loans secured by a consumer's principal dwelling.); and *Casterline v. Indy Mac/One West*, 2011 WL 11183, at *4 (S.D. Tex. Jan. 3, 2011) (contending that RESPA applies to federally-related mortgage loans that are secured by residential real estate). Plaintiffs have failed to state a claim for relief under these statutes. In as much as Plaintiffs are alleging claims against the individual defendants based on violations of the foregoing

---

[5] When ruling on a 12(b)(6) motion to dismiss, courts may consider documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Wright v. Sears Roebuck & Co.*, 2010 WL 6032803, at *2 (W.D. La. 2010). Given that Rule 12(d) provides that a motion to dismiss shall be treated as a motion for summary judgment when matters outside the pleadings are presented, the Court hereby converts the motion to dismiss to a motion for summary judgment. *Hunt v. Barnes*, 2010 WL 604315, *1 (S.D. Miss. 2010). Adequate notice has been provided to the plaintiffs.

statutes, the Court finds these claims also fail.[6]

## IV. Opportunity to Amend

Courts typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to court order, *see, Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. 2001), or when a *pro se* plaintiff seeks to amend his complaint in response to a recommended dismissal. See *Swanson v. Aegis Commc'ns Group, Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); and *Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. 2008). Dismissal with prejudice, however, is appropriate if a court finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

The Court finds that Plaintiffs indeed have alleged their best case. Based on the relief they are requesting no amended complaint could cure this petition. Therefore, Plaintiffs will not be given an additional opportunity to amend their complaint to allege sufficient facts to state a claim against any of the alleged defendants. *LaCroix v. Marshall County*, 2011 WL 396476, *7 (5th Cir. Feb. 3, 2011)(district court need not permit futile amendments); *see also Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000)("it is within the district court's discretion to deny a motion to amend if it is futile"). Petitioners' Complaint, therefore, is dismissed with prejudice. *Barzrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). *See also, Jones v. Greninger*, 188 F.3d 322,

---

[6]With respect to the individual defendants, the Court finds there has been no showing as to why the statutory provisions they wish to invoke against these Defendants are applicable. Plaintiffs' claims against Defendants Billy Cook, Darrell Bates and Robert Thomas fail because there is no allegation that they were federally-regulated creditors, assignees, lenders, loan servicers as defined under the relevant statutes. In addition Thomas (and his law firm Alford Thomas & Kilgore) also are shielded from liability by the litigation privilege as his alleged acts arose strictly from his capacity as trustee and those acts were taken in the "due course of the judicial proceeding or as necessarily preliminary thereto." *Kelly v. Palmer, Reifler & Assoc., P.A.*, 681 F.Supp.2d 1356 1367-68 (S.D. Fla. 2010). Finally, Defendant Spencer Clift, III (and his law firm Baker, Donelson, Bearman, Caldwell & Berkowitz) are absolutely immune from liability on these claims. See *Dandridge v. Tyson Foods, Inc.* 2011 WL 2414701, at*3 (S.D. Miss. Jun. 10, 2011)(noting that lawyers and law firms owe no duty, fiduciary or otherwise, to adverse party); and *Roussel v. Robbins*, 688So.2d 714, 725 n. 4 (Miss. 1996)(same).

327 (5th Cir. 1999)(dismissal with prejudice proper where court could perceive no viable claims which could be cured by amended petition). Having attempted to invoke the jurisdiction of this Court under TILA, HOEPA and RESPA, allowing Plaintiffs the opportunity to amend will not overcome the necessary hurdle to establish that this action involves anything beyond a loan secured by an income producing farm and not a dwelling. [Doc. 7 at 1]. No amendment could cure these deficiencies.

## V. CONCLUSION

*Defendants' Motion to Dismiss Verified Complaint for Damages and Temporary Injunction*, filed , April 25, 2011, (doc. 15) is hereby **GRANTED**.

The voluntary stay of the foreclosure sale is hereby LIFTED.

Plaintiffs claims are **DISMISSED WITH PREJUDICE**.

A final judgment will be entered in accordance with this order on this day.

SO ORDERED AND ADJUDGED, this the 31st day of August, 2011.

s/Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE